IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| KENNETH DUNN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 16-cv-3308 |
| LEO P. SCHMITZ, et al., | ) | |
| Defendants. | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Kenneth Dunn's Motion to Compel Production of Certain Documents (d/e 11) (Motion). For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

Dunn is a Lieutenant in the Illinois State Police (State Police). Dunn alleges that in September 4, 2014, he was placed on restricted duty because the State Police asserted that he was under criminal investigation. Dunn alleges that he is not under criminal investigation and the State Police have no basis for concluding that an investigation is ongoing. Dunn alleges that the Defendants violated his right to due process by not providing him with a hearing to challenge his continuing placement on restricted duty. Dunn also alleges that Defendant Isaiah Vega violated his rights to due process by falsely stating to the Illinois

Gaming Board (Gaming Board) that he was under ongoing criminal investigation. Dunn was assigned to the (Gaming Board) at the time. Dunn alleges Vega's unconstitutional disclosure of false information resulted in the loss of Dunn's assignment to the Gaming Board and damage to his reputation and to his ability to work in law enforcement. Dunn seeks injunctive relief against all Defendants and damages against Defendants Leo Schimtz and Vega in their personal capacities. See Complaint (d/e 1).

During discovery, Dunn served a request for production of documents on Defendant Vega. Dunn's request included "all documents that support the proposition that he is under a criminal investigation." Motion, ¶ 2. Vega objected to producing certain documents because he could not produce the documents pursuant Federal Rule of Criminal Procedure 6(e). Vega withheld certain documents and produced redacted versions of certain other documents. Dunn moves to compel production of these withheld documents.

## ANALYSIS

Criminal Rule 6(e) prohibits disclosure of information presented to a federal grand jury, subject to certain exceptions. One exception allows disclosure to state personnel if the information presented to the grand jury may disclose a violation of state criminal law. Fed. R. Crim. P. 6(e)(3)(E)(iv). The information

may be disclosed "so long as the disclosure is to . . . an appropriate state . . . official for the purpose of enforcing the law." Id.

Vega objected to producing to Dunn documents presented to a grand jury because Vega received a copy of those documents pursuant to a federal court order under Rule 6(e)(3)(E)(iv). Vega produced a redacted copy of the court order issued by the U.S. District Court for the Northern District of Illinois, Eastern Division (Order). Motion, attached Redacted Order.

The Plaintiffs provided the Court with an unredacted copy of the Order. The Order authorized the federal prosecutors to disclose information to certain State Police personnel for the limited purpose of enforcing state criminal law under Rule 6(e)(3)(E)(iv). Vega received these documents only to enforce state criminal law. He was not authorized to disclose the information to anyone for any other purpose. The Defendants' objection to production, therefore, is sustained. The Motion is denied.

If Dunn wishes to view these documents, he must file a petition under Criminal Rule 6(e)(3)(E)(i) for disclosure in connection with this judicial proceeding. Dunn must file such a petition in the court where the grand jury is convened, in this case the Northern District of Illinois. Fed. R. Crim. P. 6(e)(3)(F). Dunn may not secure the material through a request to produce documents.

Dunn argues that a party may disclose in a civil proceeding the information in documents presented to the grand jury under appropriate circumstances. Dunn relies on <u>United States v. Interstate Dress Carriers, Inc.</u>, 280 F.2d 52 (2$^d$ Cir. 1960).  The court in <u>Interstate Dress Carriers</u> allowed disclosure of grand jury materials to the Interstate Commerce Commission (ICC) for the purpose of auditing a trucking company subject to ICC jurisdiction.   A federal grand jury had subpoenaed the records of the trucking company and had possession of the records.  The ICC secured disclosure of the information by persuading federal prosecutors to petition the court supervising the grand jury to allow the disclosure. <u>Interstate Dress Carriers</u>, 280 F.2d at 53.  Rule 6(e)(3)(F) was subsequently added to Rule 6 to allow parties such as Dunn to petition the court supervising the grand jury directly to request disclosure.  If Dunn wishes to see these documents he should file a petition under Criminal Rule 6(e)(3)(F) in the Northern District.

THEREFORE, IT IS ORDERED THAT Plaintiff Kenneth Dunn's Motion to Compel Production of Certain Documents (d/e 11) is DENIED.

ENTER:   November 16, 2017

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE