IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KENNETH DUNN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-3308 |
| | ) |
| LEO SCHMITZ, JOANN JOHNSON | ) |
| And ISAIAH VEGA, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court is Defendants Leo Schmitz', Joann Johnson's, and Isaiah Vega's ("Defendants") Motion for Summary Judgment (d/e 20). Defendants have shown that, when the undisputed material facts are viewed in the light most favorable to Plaintiff Kenneth Dunn, Defendants are entitled to judgment as a matter of law. Defendants' Motion (d/e 20) is, therefore, GRANTED.

I. **FACTS**

The Court draws the following facts from the parties' Local Rule 7.1(D)(1)(b) statements of undisputed material facts. The Court discusses any material factual disputes in its analysis.

Immaterial facts or factual disputes are omitted. Any fact submitted by any party that was not supported by a citation to evidence will not be considered by the Court. See Civil LR 7.1(D)(2)(b)(2). In addition, if any response to a fact failed to support each allegedly disputed fact with evidentiary documentation, that fact is deemed admitted. Id.

Plaintiff Kenneth Dunn began working for the Illinois State Police ("ISP") in 1990. In 2011, Plaintiff was assigned to work at the Illinois Gaming Board under an inter-governmental agreement. In September 2014, Plaintiff was placed on restricted duty after Plaintiff's superiors were told that Plaintiff was the subject of a federal investigation.[1] While in restricted status, Plaintiff was still paid but was prohibited from performing other police functions. The letter notifying Plaintiff of his restricted status was copied only to those within his chain of command, the ISP legal office, and the Administrative Services Bureau. The letter also was included in Plaintiff's personnel file.

---

[1] While the parties dispute whether Plaintiff was the subject of an investigation at the time, this dispute is immaterial to the Court's decision because, as explained in the Court's Analysis, Plaintiff cannot prove one of the three essential elements of Plaintiff's claim.

Plaintiff remained on restricted status from September 2014 until his retirement on December 31, 2016. Plaintiff was notified in January 2017 that he would be listed as retiring "not in good standing" because he retired while still under restricted status. Plaintiff appealed the denial of retirement in good standing to Defendant Schmitz, but that appeal was denied in February 2017.

Plaintiff then filed a Complaint in November 2016, alleging Defendants deprived Plaintiff of liberty interests guaranteed by the Fourteenth Amendment and seeking a hearing and opportunity to clear his name. Defendants now move for summary judgment under Federal Rule of Civil Procedure 56.

## II.   LEGAL STANDARD

Summary judgment is proper if the movant shows that no genuine dispute exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the Court of the basis for the motion and identifying the evidence the movant believes demonstrates the absence of any genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[S]ummary judgment is the 'put up or shut up' moment in a

lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." <u>Johnson v. Cambridge Indus., Inc.</u>, 325 F.3d 892, 901 (7th Cir. 2003).

On that evidence, the Court must determine whether a genuine dispute of material facts exists. A genuine dispute of material fact exists if a reasonable trier of fact could find in favor of the nonmoving party. <u>Carroll v. Lynch</u>, 698 F.3d 561, 564 (7th Cir. 2012). When ruling on a motion for summary judgment, the Court must construe facts in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. <u>Woodruff v. Mason</u>, 542 F.3d 545, 550 (7th Cir. 2008).

### III.   ANALYSIS

In his Complaint, Plaintiff alleges that Defendants violated Plaintiff's occupational liberty interest under the Fourteenth Amendment when Defendant's declined to issue a letter of good standing when Plaintiff retired from the Illinois State Police. Defendants argue that they are entitled to judgment as a matter of law because Plaintiff cannot prove essential elements of Plaintiff's liberty interest claim. Specifically, Defendants assert that Plaintiff

cannot show that the information Plaintiff states was stigmatizing was publicly disclosed.

The Due Process Clause of the Fourteenth Amendment guarantees that no "State shall deprive any person of life, liberty, or property, without due process of law." The Due Process Clause imposes "constraints on governmental decisions which deprive individuals of" interests in liberty. Mathews v. Edlridge, 424 U.S. 319, 332 (1976). This extends to a government employee's liberty interest in seeking employment following termination from government employment. Bd. of Regents v. Roth, 408 U.S. 564, 573 (1972). Such interests are implicated where the government, in terminating the employee, "'makes any charge against [the employee] that might seriously damage [his] standing and associations in the community' or 'imposes on [the employee] a stigma or other disability that forecloses [his] freedom to take advantage of other employment opportunities.'" Id. (cleaned up).

To prove a government employer violated a plaintiff's occupational liberty interest, the plaintiff must prove "(1) he was stigmatized by the employer's actions; (2) the stigmatizing information was publicly disclosed; and (3) he suffered a tangible

loss of other employment opportunities as a result of the public disclosure." Dupuy v. Samuels, 397 F.3d 493, 509–10 (7th Cir. 2005).  Unlike a defamation action in which any public disclosure gives rise to a claim, a liberty-interest plaintiff must show that the stigmatizing information was broadly disclosed.  Ratliff v. City of Milwaukee, 795 F.2d 612, 627 (7th Cir. 1986) ("In a common law defamation action, any publication of false and defamatory material might be sufficient, but in the context of the liberty interest protected by the Fourteenth Amendment, [Plaintiff] was required to show broader publication.")  Moreover, the stigmatizing information must have actually been disclosed to make out a liberty interest claim—a plaintiff may not rely on the possibility of disclosure. Johnson v. Martin, 943 F.2d 15, 16–17 (7th Cir. 1991).

     Defendant is entitled to judgment as a matter of law here because Plaintiff cannot show that any allegedly stigmatizing information was publicly disclosed.  Plaintiff only argues in his Response that Plaintiff's not-in-good-standing status has the potential of being made public, not that it actually has been made public. See Pl.'s Resp. (d/e 22) p. 19 (Arguing that Plaintiff's status "could be accessed through a FOIA request" and "any potential

hiring employer is going to seek that information" and the information "<u>could</u> be easily disclosed." (emphasis added)). But that argument was expressly rejected by the Seventh Circuit in <u>Johnson v. Martin</u>. 943 F.2d 15. There, the Seventh Circuit held that a plaintiff in a case claiming a deprivation of occupational liberty interests must show actual publication to prove the claim and rejected the likelihood-of-public-disclosure argument Plaintiff now advances. <u>Johnson</u>, 943 F.2d at 16–17. Specifically, the <u>Johnson</u> plaintiff argued that the fact that stigmatizing information in the plaintiff's personnel file—there, drug test results—remained accessible to officers within the plaintiff's chain of command meant that the information could still be made public. <u>Id.</u> The plaintiff then argued that the mere likelihood of public disclosure meant that the public disclosure element of his liberty interest claim was satisfied. <u>Id.</u> The Seventh Circuit, however, disagreed, holding that "the mere existence of damaging information in Johnson's personnel file cannot give rise to a due process challenge" and that "in order to succeed on a constitutional defamation claim the allegedly defamatory statement must actually be "made public." <u>Id.</u> at 17.

In this case, while Defendant concedes that Plaintiff's not-in-good-standing status has the potential to be shared with other Illinois state agencies, Plaintiff, like the plaintiff in Johnson, has not provided evidence or stated facts that would allow a reasonable trier of fact to conclude that Plaintiff's not-in-good-standing status was actually publicly disclosed.  As a result, Plaintiff cannot show that a reasonable fact finder could conclude that Defendants violated his occupational liberty interests.  Because Plaintiff cannot show this essential element of his occupational liberty interest claim, the Court need not address the other elements.  See Johnson, 943 F.2d at 16 (dismissing case for failure to claim public disclosure and not addressing other elements).

### IV.  CONCLUSION

On the undisputed material facts, and when the inferences are viewed in the light most favorable to Plaintiff, Defendants have shown that they are entitled to judgment as a matter of law.  Accordingly, Defendants' Motion for summary Judgment (d/e 19) is GRANTED.  The Clerk is DIRECTED to enter judgment in favor of Defendants and against Plaintiff.  All remaining deadlines and settings are terminated.  This case is closed.

**IT IS SO ORDERED.**
**ENTERED: March 31, 2022.**
**FOR THE COURT**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**